UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EVERETT WALKER,

      Plaintiff,

vs.

ROMEO ARANAS, *et al.*,

      Defendants.

3:16-cv-00455-MMD-WGC

**ORDER**

Before the court is Plaintiff's Motion to Exclude Case from Mediation Program (ECF No. 5). Plaintiff requests his case be exempt from the mediation program "because of the excessive pain and increase of damage that any delay or stay may have on the Plaintiff's person." (ECF No. 5 at 2.)

The history of this case reflects the court screened Plaintiff's complaint and found Plaintiff's claim for violations of the ADA and deliberate indifference would proceed against Defendants E.K. McDaniels, Bruce Strout, Tito Buencamino, Shannon Moyles, James Cox, Dr. Karen Gedney, and Isidro Baca (ECF No. 3 at 8). The court ordered a ninety-day stay on further filings and directed the parties to participate in a settlement conference. The court indicated it would refer the case to the court's Inmate Early Mediation Program. In the meantime, Plaintiff's obligation to pay the $350.00 filing fee, either in full or in installments if Plaintiff was granted *in forma pauperis* status, was stayed.

The court's screening order, however, allowed a party to seek to remove the case from the inmate mediation program. (*Id*. at 9.) Plaintiff filed a timely request to exclude the case from the Inmate Mediation Program. Plaintiff's rationale is that "because of excessive pain and the increase in damage that any delay or stay may have on the Plaintiff's person, the Plaintiff moved that this case be removed from the mediation conference." (ECF No. 5 at 2.)

1       In the court's extensive experience with the mediation and settlement conference process, parties would frequently express pessimism that their case had any chance of settlement. Yet, on numerous occasions, the parties were indeed able to come to an accord and successfully resolved their dispute. Certainly not all of the "unsettle-able" cases settled, but many do. One fact that is fairly undisputable is that if the parties do *not* at least undertake a settlement dialogue, the case will most definitely *not* settle.

      Even if a case does not settle, there is nevertheless a benefit to the parties by exploring and addressing the strengths and weaknesses of their claims and defenses. From the perspective of the governmental defendants, the discussions may shed light on potentially errant policies, decisions, procedures or activities and possibly allow corrective action to be undertaken. And from the standpoint of an inmate Plaintiff, he may be educated about the technical nuances of § 1983 litigation which may cause him to re-evaluate the propriety of his claims. In either event, it cannot be overlooked that an early settlement of an inmate's case allows him to avoid immediately incurring the expense of the $350.00 filing fee which would otherwise have to be paid to the court if the case were to proceed in the absence of mediation.

      The court is aware that in at least one other case Plaintiff filed in 2009, Plaintiff achieved a settlement at the Inmate Early Mediation Conference. *Walker v. Benedetti, et al.,* 3:09-cv-349-RCJ-VPC, ECF No. 14.

      Therefore, to further the interests of justice, this matter will proceed to the Inmate Early Mediation Program in accordance with the court's screening order (ECF No. 3).

      Plaintiff's Motion to Exclude Case from Mediation Program (ECF No. 5) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 17, 2017.

                                                                         _____
                                                                         WILLIAM G. COBB
                                                                         UNITED STATES MAGISTRATE JUDGE