# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EVERETT WALKER, | 3:16-cv-00455-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Leave to Amend Complaint. (ECF No. 23.) Defendants did not file a response. After a thorough review, it is recommended that the motion be granted in part and denied in part.

## I. SCREENING

**A. Standard**

"The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

///

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A(b)(1), the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Discussion**

Plaintiff filed his original Complaint, which the court screened, and the court determined Plaintiff could proceed with the following: a claim for violation of the Americans with Disabilities Act (ADA) against McDaniel, Stroud, Buencamino, Moyle, Cox, Gedney and Baca based on allegations that he has a mobility disability requiring a wheelchair, and Defendants refused to accommodate him at High Desert

State Prison (HDSP); and a claim for deliberate indifference to serious medical needs under the Eighth Amendment against McDaniel, Stroud, Buencamino, Moyle, Cox, Gedney and Baca, based on allegations they were aware of an order that he required a wheelchair but disregarded the risk of his not having a wheelchair at HDSP. (Screening Order, ECF No. 3.) The Complaint did not contain facts to support a claim against Romeo Aranas; therefore he was dismissed without prejudice. (*Id.*)

Plaintiff now seeks leave to amend, and submits a proposed First Amended Complaint (FAC). (ECF No. 23.) The proposed FAC names Romeo Aranas, Tito Beuncamino, J. Murphy, Isidro Baca, Shannon Moyle, and Karen Gedney. (ECF No. 23 at 3-5.) Plaintiff alleges that Defendants refused to provide him with necessary, physician-ordered hip replacement surgery; effective pain medication to treat pain associated with his degenerative hip disease; and transferred him to a non-ADA compliant facility where he was deprived of a wheelchair for sixteen months despite the fact that there was a medical order stating that he required a wheelchair and a "flat yard." Specifically, he contends that in early 2015, Gedney, Moyle, and Baca classified Plaintiff to be transferred to HDSP, knowing of his medical restrictions. Once at HDSP, he filed a grievance complaining of extreme pain and difficulty using the toilet, shower, and accessing the dining hall related to being deprived of a wheelchair. He also noted the order for hip surgery. Murphy responded to the grievance, but Plaintiff claims she ignored his complaints of pain, and took no effort to see that Plaintiff got a wheelchair, walker or handicap cell. He filed a first level grievance, and Buencamino responded. Again, Plaintiff alleges that his requests for a wheelchair, pain relief and surgery were ignored. He filed a second level grievance, and Aranas responded. Plaintiff contends that Aranas ignored Plaintiff's medical concerns. He also contends that Aranas, a member of the Utilization Review Panel (URP), failed to submit Plaintiff's case concerning hip replacement surgery. Plaintiff goes on to allege that Gedney treated him while at Northern Nevada Correctional Center (NNCC), and only prescribed him ibuprofen despite knowledge that this did not alleviate his pain.

The court finds that Plaintiff states colorable claims for violation of the ADA and Eighth Amendment deliberate indifference to serious medical needs against Gedney, Moyle, Baca, Murphy, Buencamino and Aranas. *See United States v. Georgia*, 546 U.S. 151, 157 (2006) (prisoner may state an ADA claim based on the "alleged deliberate refusal of prison officials to accommodate [a prisoner's]

3

disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs."); *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (prison official violates the Eighth Amendment when he acts with deliberate indifference to a serious medical need)

Plaintiff attempts to assert a claim for violation of the Due Process Clause based on his transfer to HDSP; however, that claim should not be allowed to proceed. An inmate does not have a right to be placed in a particular facility; nor is the court permitted to second-guess the prison's decisions regarding a prisoner's classification to a particular facility. *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976).

Plaintiff also mentions the Due Process Clause in the context of his allegations of denial of adequate medical care; however, those allegations give rise to claims under the Eighth Amendment and not the Due Process Clause.

Finally, the FAC asserts state law claims of medical malpractice against the Defendants; however, Nevada law requires an action for medical malpractice to be dismissed if it is filed without an affidavit by a medical expert that supports the allegations. Nev. Rev. Stat. 41A.071. The Nevada Supreme Court has held that a medical malpractice action filed without the supporting affidavit is "void *ab initio*, meaning it is of no force and effect." *Washoe Med. Ctr. v. Second Jud. Dist. Ct.*, 148 P.3d 790, 794, 122 Nev. 1298 (2006). Such an action "does not legally exist and thus it cannot be amended." *Id*. Plaintiff's FAC does not contain the required affidavit; accordingly, Plaintiff's state law claims for medical malpractice should be dismissed without leave to amend.

## II. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING IN PART AND DENYING IN PART** Plaintiff's Motion for Leave to Amend Complaint (ECF No. 23) as follows:

    (a) Plaintiff should be permitted to **PROCEED** with his claims under the ADA and the Eighth Amendment against defendants Gedney, Moyle, Baca, Murphy, Buencamino and Aranas.

    (b) The Due Process Clause claims should be **DISMISSED WITH PREJUDICE**;

    (c) The state law claims for medical malpractice should be **DISMISSED WITH PREJUDICE**;

(2) The FAC (ECF No. 23 at 3-17) should be **FILED**;

1 (3) The Attorney General's Office should be directed to file a notice within twenty-one days of any order adopting this Report and Recommendation, advising the court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service. As to those defendants for whom it does not accept service, the Attorney General's Office shall file the last known address(es) under seal, but shall not serve the inmate Plaintiff with such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

(4) If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), and requesting issuance of a summons. For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Plaintiff is required to supply the full name and address for the defendant(s).

(5) If the Attorney General's Office accepts service of process for any named defendant(s), such defendants should be required to file and serve an answer or other responsive pleading within **twenty-one days** of the date it files a notice of acceptance of service.

(6) From this point forward, Plaintiff shall serve upon defendant(s), or if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received which has not been filed with the Clerk, and any document that fails to include a certificate showing proper service.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

///

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 31, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE