UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EVERETT WALKER,<br><br>                      Plaintiff,<br>    v.<br><br>ROMEO ARANAS, *et al.,*<br><br>                      Defendants. | Case No. 3:16-cv-00455-MMD-VPC<br><br>ORDER ACCEPTING AND ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before this Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R" or "Recommendation") relating to Plaintiff's motion for leave to amend complaint (ECF No. 23). (ECF No. 27.) The parties had until November 14, 2017, to object to the R&R. To date, no objection was filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an

objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court has conducted a *de novo* review to determine whether to adopt the R&R. The R&R recommends granting Plaintiff leave to amend to assert claims for violation of the Americans with Disabilities Act ("ADA") and the Eighth Amendment for deliberate indifference to serious medical needs. (ECF No. 27.) The R&R recommends dismissing the procedural due process claims and the claims for medical malpractice without leave to amend. The R&R states that dismissal of the medical malpractice claim should be without leave to amend, and the concluding paragraph references dismissal of these claims with prejudice. (*Id.* at 4.) Having reviewed the R&R and the proposed amended complaint, the Court generally agrees with the Magistrate Judge's recommendation. However, to the extent the R&R recommends dismissing the medical malpractice claims with prejudice, the Court disagrees. The Court dismisses these claims without prejudice and without leave to amend. *See Williams v. Sandoval,* 3:16-cv-00525-MMD-VPC (ECF No. 8 at 8-10) (D.Nev. Nov. 20, 2017) (this Court found that where a plaintiff who asserts professional negligence claim fails to file with the action a supporting affidavit from a medical expert, the claim should be dismissed without prejudice and without leave to amend).

It is therefore ordered that the Report and Recommendation (ECF No. 27) is adopted.

It is further ordered that Plaintiff's motion for leave to amend complaint (ECF No. 23) is granted in part and denied in part as follows.:

(a) Plaintiff is permitted to proceed with his claims under the ADA and the Eighth Amendment against Defendants Gedney, Moyle, Baca, Murphy, Buencamino and Aranas.

(b) The Due Process Clause claims are dismissed with prejudice.

(c) The state law claims for medical malpractice are dismissed without prejudice and without leave to amend.

It is further ordered that the Clerk of Court detach and file the first amended complaint (ECF No. 23 at 3-17).

It is further ordered that the Attorney General's Office is directed to file a notice within twenty-one (21) days of this order advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service. As to those defendants for whom it does not accept service, the Attorney General's Office must file the last known address(es) under seal, but will not serve the inmate Plaintiff with such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

It is further ordered that, if service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), and requesting issuance of a summons. For the defendant(s) as to which the Attorney General's Office has not provided last-known-address information, Plaintiff is required to supply the full name and address for the defendant(s).

It is further ordered that if the Attorney General's Office accepts service of process for any named defendant(s), such defendants are required to file and serve an answer or other responsive pleading within twenty-one (21) days of the date it files a notice of acceptance of service.

It is further ordered that, from this point forward, Plaintiff must serve upon defendant(s), or if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of

appearance, at the physical or electronic address stated therein. The Court may disregard any document received which has not been filed with the Clerk, and any document that fails to include a certificate showing proper service.

DATED THIS 10th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE