# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVERETT WALKER, | Case No.: 3:16-cv-00455-MMD-WGC |
| Plaintiff, | **Order** |
| v. | Re: ECF No. 67 |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

Plaintiff has filed a request for additional discovery under Federal Rule of Civil Procedure 56(d) with respect to Count IX of his amended complaint. (ECF No. 67.)

Plaintiff states that he was being assisted in this case by inmate assistant, Mr. Lunford, but on January 8, 2018, Plaintiff was transferred to HDSP so Mr. Lunford could no longer assist him. (ECF No. 67 at 2.) Plaintiff further contends that while at HDSP he was denied physical access to the legal library because he was wheelchair bound, and was told that the HDSP law library had no treatises on prisoner civil rights, and the inmate law clerks lacked knowledge of the law and did not assist other inmates. Plaintiff claims that his transfer to HDSP was orchestrated by Deputy Attorney Ben Johnson to prevent Plaintiff from utilizing Mr. Lunford's assistance in this case. He was transferred back to NNCC in early November of 2018, and is able to receive Mr. Lunford's assistance again.

For these reasons, Plaintiff has filed a motion for additional discovery under Federal Rule of Civil Procedure 56(d). Plaintiff contends that Defendants' motion for summary judgment fails to refer to Count IX, so Plaintiff is entitled to proceed with a jury trial or judgment on the pleadings with respect to Count IX. He argues that he is entitled to conduct discovery with respect to Count

IX because he was deprived of adequate access to the courts insofar as he did not have the aid of his inmate assistant or adequate access to the law library.

Count IX of the amended complaint alleges that Dr. Aranas was deliberately indifferent to Plaintiff's serious medical needs when he denied Plaintiff recommended hip replacement surgery by failing to submit Plaintiff's case to the Utilization Review Panel.

Plaintiff states that he would propound a request for production of documents for all his kites and grievances on this issue and for his complete medical records. He would also request Plaintiff's second level grievance (and response), referrals made to Dr. Aranas by medical personnel who treated Plaintiff, and would also propound interrogatories and requests for admission to regarding Dr. Aranas' knowledge of Plaintiff's serious medical needs. He also mentions a request for production of Nevada Revised Statute (NRS) 209.331 regarding Dr. Aranas' duty of care, and other discovery to Dr. Aranas concerning his medical duties to Plaintiff. He also wants to propound interrogatories and requests for admission regarding Dr. Aranas' awareness of Plaintiff's condition, that he is not an orthopedic specialist and did not examine Plaintiff or approve his surgery, and a request for relevant medical directives.

The court has concurrently issued a report and recommendation that Defendants' motion for summary judgment be denied with respect to Counts III, VI, IX and X; therefore, Plaintiff's motion for additional discovery is **DENIED** insofar as it is made under 56(d) because the court has found that a genuine dispute of material fact exists as to those claims, including Count IX.

Plaintiff's motion could also be construed as one to extend the discovery deadline under the scheduling order, which must be supported by good cause since it was made after the expiration of the deadline. (*See* ECF No. 37, discovery completion deadline of April 11, 2018.)

Defendants shall respond to Plaintiff's motion with it construed to be a motion to extend the discovery deadline and in the context of the court's report and recommendation that the motion for summary judgment be denied as to Counts III, VI, IX and X.

The court notes that even if the discovery deadline is not extended, Plaintiff may kite the warden to review his medical records, and Defendants should provide him with the second level grievance documentation that was also omitted from their summary judgment filing despite their reliance on the grievance documentation.

Finally, the court notes that this action is not proceeding on a state law negligence or medical malpractice claim; therefore, Plaintiff's requests for discovery on issues such as duty of care under Nevada statutes would not be entertained in any event.

**IT IS SO ORDERED**.

Dated: December 4, 2018

_____
William G. Cobb
United States Magistrate Judge